

October 1, 2020

Hon. Brian M Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

> Re: Request for Accelerated Proceedings and Alternative Service in
> <u>Harley et al. v. Kosinski et al., 20-cv-4664-BMC</u>

Dear Judge Cogan:

My firm represents the Plaintiffs in the newly-filed matter named above. We write to respectfully request the Court set an accelerated schedule for briefing, hearing, and decision on our motion for an injunction and requesting permission to – given the pandemic as well as speed – serve Defendants by reliable electronic means.

At issue in this case is the disenfranchisement of Plaintiffs – and all other Americans residing overseas – who are attempting to vote by absentee ballot in the Defendant States, and who have little or no expectation given prevailing pandemic conditions that their ballots if sent by postal mail will be received in time to be counted.

Courts in the Southern District and elsewhere in the Second Circuit have routinely accelerated briefing and decisions in similar election-related matters. *See, e.g., Yang v. Kosinski,* 960 F.3d 119, 124 (2d Cir. 2020) (Second Circuit affirming, on May 19, a May 5 order of the District Court directing the Democratic primary be held, in a case commenced on April 28); *Schulz v. Williams,* 44 F.3d 48 (2d Cir. 1994) ("The procedural history of this accelerated litigation is complex"); *and Fitzgerald v. Berman,* 2003 U.S. Dist. LEXIS 27156 (NDNY 2003) (briefing schedule set on July 24 for July 31 oral argument), *aff'd* 112 Fed. Appx. 800 (2d Cir. 2004).

Similarly, acting under Fed. R. Civ. P. 16(a) and 65, District Courts in the Second Circuit routinely accelerate other emergent preliminary injunction matters. *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharms., Inc.* 63 F. Supp. 2d 467 (SDNY 1999), aff'd, 211 F.3d 21 (2d Cir. 2000), cert. den. 531 U.S. 872 (2000) ("The return date for the preliminary injunction motion was ccelerated to yesterday, September 9, 1999, and a hearing was held"); *Chiarella v. Vetta Sports,* 1994 U.S. Dist. LEXIS 14395 (SDNY 1994) ("It has long been recognized that an accelerated decision on the merits often is appropriate when a preliminary injunction has been requested"); *and AVCO Fin. Corp. v. CFTC,* 929 F. Supp. 714 (SDNY 1996) ("Consequently, AVCO withdrew its request for a temporary restraining order and the parties proceeded to brief the motion for a preliminary injunction on an accelerated schedule").



  We stand ready to set an accelerated schedule in a conference with this Court or the Magistrate Judge, or to litigate this case in any other manner the Court (or Defendants) propose. As an initial matter, in the interest of proposing something, we suggest:

- Plaintiffs' Motion for Injunctive Relief due on Monday, October 5, 2020;

- Defendants' Opposition to Motion due on Thursday, October 8, 2020;

- Plaintiffs' Reply (if any) due on Friday, October 9, 2020; *and*

- Oral Argument/Hearing on the Motion (if the Court desires on Monday, October 12, 2020, or as soon thereafter as the Court is available; and

  Additionally, we ask that the Court allow Plaintiffs to serve, by reliable electronic means, a copy of the complaint and supporting documents by 5:00 p.m. on Friday October 2, 2020.

  Where service by traditional means is impracticable for a number of reasons – here, both the pandemic and the speed at which this case likely needs to move – even with no "showing of due diligence," "the Court may approve alternative service methods." *Ransome v. Epstein,* 2018 U.S. Dist. LEXIS 15295, at *2-3 (SDNY, Jan. 30, 2018), *discussing* Fed. R. Civ. P. 4(e)(1) and CPLR § 308(5). We have enclosed copies of Orders, entered by Judges Torres and Ramos in the Southern District in *Yang* (cited above as well) and *Gallagher v. New York State Bd. of Elec.,* 20-cv-5504, ECF No. 6 (SDNY 2020) (on substantially the same motion here), directing service in the same way we request here.

  We believe that schedule will allow the parties adequate time to brief these important issues, while also allowing the Court sufficient time to issue a ruling well in advance of the November 3, 2020 election.

Respectfully submitted,

/s/
_____
J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
remy@femmelaw.com

Enclosures.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

# ENCLOSURES

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW YANG, JONATHAN HERZOG, HELLEN SUH, BRIAN VOGEL, SHLOMO SMALL, ALISON HWANG, KRISTEN MEDEIROS and DR. ROGER GREEN, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

NEW YORK STATE BOARD OF ELECTIONS,

Defendant.

20 Civ. 3325 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 29, 2020, Plaintiffs filed an application seeking emergency relief under Rule 65 of the Federal Rules of Civil Procedure. ECF No. 1. It is hereby ORDERED that:

1. Plaintiffs shall file a memorandum of law in support of their application by **May 4, 2020**;

2. Defendant shall file a response by **May 8, 2020**; and

3. The parties shall appear for a telephonic hearing on Plaintiffs' application on **May 12, 2020**, at **1:00 p.m.** The parties are directed to call either (888) 398-2342 or (215) 861-0674, and enter access code 5598827. The parties shall email their appearance information to Torres_NYSDChambers@nysd.uscourts.gov by **May 11, 2020**, at **5:00 p.m.**

It is further ORDERED that by **12:00 p.m.** on **April 30, 2020**, Plaintiffs shall serve a copy of the complaint, supporting documents, and this order on Defendant, and shall file proof of service on the docket. Service may be effected by reliable electronic means.

SO ORDERED.

Dated: April 29, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

**MEMO ENDORSED**

**COHEN & GREEN**

July 17, 2020

Hon. Edgardo Ramos, U.S.D.J.
United States District Court, Part 1[1]
Southern District of New York
40 Foley Square, Room 15D
New York, NY 10007

By Electronic Filing.

> The application is granted. If oral argument or a hearing is appropriate, it will be scheduled when a judge is assigned to the case.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: **July 17, 2020**
> New York, New York

Re:  Request for Accelerated Proceedings and Alternative Service in
*Gallagher et al. v. New York State Board of Elections et al.*, 20-cv-5504

Your Honor:

Our firms represent the Plaintiffs in the newly filed matter named above. We write to respectfully request the Court set an accelerated schedule for briefing, hearing, and decision on our motion for an injunction and requesting permission to – given the pandemic – serve Defendants by reliable electronic means.

At issue in this case is the counting of absentee ballots currently under way from the June 23. 2020 New York State Democratic primary – taking place right now, with the election results to be certified on August 3, 2020. While there is more detail in the motion papers we just filed, the core of Plaintiffs claims is this: it is unconstitutional to simply throw out tens of thousands of votes because of Post Office errors beyond the control of voters.

Courts in the Southern District and elsewhere in the Second Circuit have routinely accelerated briefing and decisions in similar election-related matters. *See, e.g., Yang v. Kosinski*, 960 F.3d 119, 124 (2d Cir. 2020) (Second Circuit affirming, on May 19, a May 5 order of the District Court directing the Democratic primary be held, in a case commenced on April 28); *Schulz v. Williams*, 44 F.3d 48 (2d Cir. 1994) ("The procedural history of this accelerated litigation is complex"); *Fitzgerald v. Berman*, 2003 U.S. Dist. LEXIS 27156 (NDNY 2003) (briefing schedule set on July 24 for July 31 oral argument), *aff'd* 112 Fed. Appx. 800 (2d Cir. 2004).

Similarly, acting under Fed. R. Civ. P. 16(a) and 65, District Courts in the Second Circuit routinely accelerate other emergent preliminary injunction matters. *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharms., Inc.* 63 F. Supp. 2d 467 (SDNY 1999), *aff'd*, 211 F.3d 21 (2d Cir. 2000), *cert. den.* 531 U.S. 872 (2000) ("The return date for the preliminary injunction motion was

---

[1] We direct this letter to Your Honor in Part 1 after a brief call with the Court's law clerk, with the expectation that the substantive questions will likely be ultimately addressed by the District Judge to whom the case is assigned, and in an abundance of caution given the sensitive timing of the case. In Your Honor's Part 1 capacity, we ask that you grant the motion to expedite (with dates to be set later by the Court) and grant the motion for alternative service.



accelerated to yesterday, September 9, 1999, and a hearing was held"); *Chiarella v. Vetta Sports*, 1994 U.S. Dist. LEXIS 14395 (SDNY 1994) ("It has long been recognized that an accelerated decision on the merits often is appropriate when a preliminary injunction has been requested"); *AVCO Fin. Corp. v. CFTC*, 929 F. Supp. 714 (SDNY 1996) ("Consequently, AVCO withdrew its request for a temporary restraining order and the parties proceeded to brief the motion for a preliminary injunction on an accelerated schedule").

We stand ready to set an accelerated schedule in a conference with this Court or the Magistrate Judge, or to litigate this case in any other manner the Court (or Defendants) propose. As an initial matter, in the interest of proposing something, we suggest:

- Plaintiffs' Motion for Injunctive Relief (already filed) due on Friday, July 17, 2020;

- Defendants' Opposition to Motion due on Wednesday, July 22, 2020;

- Plaintiffs' Reply (if any) due on Thursday, July 22, 2020;

- Oral Argument/Hearing on the Motion on Friday, July 23, 2020, or as soon thereafter as the Court is available; and

- Plaintiffs will also serve, by reliable electronic means,[2] a copy of the complaint, supporting documents, motion for preliminary injunction, and this letter (and any related order) on Defendants by 5:00 p.m. on Friday, July 17, 2020.

We believe that schedule will allow the parties adequate time to brief these important issues, while also allowing the Court sufficient time to issue a ruling before August 3, 2020, when the election results are due to be certified.

Respectfully submitted,

/s/ J. Remy Green

_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216

---

[2] We have attached a copy of an Order, entered by Judge Torres in *Yang* (cited above as well), directing the plaintiffs there to immediately serve defendants by reliable electronic means. Where service by traditional means is impracticable for a number of reasons – here, both the pandemic and the speed at which this case likely needs to move – even with no "showing of due diligence," "the Court may approve alternative service methods." *Ransome v. Epstein*, 2018 U.S. Dist. LEXIS 15295, at *2-3 (SDNY, Jan. 30, 2018), *discussing* Fed. R. Civ. P. 4(e)(1) and CPLR § 308(5).



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Ridgewood, New York 11385
remy@femmelaw.com

*Attorneys for Plaintiffs*

cc:
All relevant parties by ECF and email.

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com