
October 2, 2020

Hon. Brian M Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

Re:    Letter Showing Cause in
       <u>Harley et al. v. Kosinski et al., 20-cv-4664-BMC</u>

Dear Judge Cogan:

My firm represents the Plaintiffs in the matter named above. Yesterday, the Court directed Plaintiffs to show cause as to "why their claims should not be broken into separate actions," and on our request for clarification, stated the "Court will further address severance once defendants have appeared." To avoid any appearance of disregarding a Court Order, we submit the following in response to the Court's initial Order, but ask that – if questions remain – the Court allow us to brief the issue more fully once Defendants appear. *See Deajess Med. Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907, 915 (S.D.N.Y. 2004) ("Although the Court initially considers severance appropriate, it declines to act at this time because the parties have not briefed the issue. The Court therefore invites the parties to file briefs on the severance issue within ten days of this order.").

### DISCUSSION

This case is best handled by one Court, whether that takes the form of a single case or consolidated proceedings in multiple cases. *Cf.* Complaint (ECF No. 1), ¶ 11 n. 3. While the laws of seven different States are technically at issue, those laws all produce a single result: voters abroad cannot return a ballot except through physical mail – and amid the pandemic, that often means they cannot return a ballot at all. In resolving the issues here, then, the Court need only answer one legal question to resolve this case fully: is that result Constitutional?

In other words, in resolving whether Plaintiffs are entitled to an injunction against each collection of State Defendants, the Court will apply identical law to identical operative facts. For judicial efficiency reasons, joinder is appropriate in those circumstances.

### I.    Joinder of All Parties is Proper in a Single Action.

While – as conveyed in my earlier letter – Plaintiffs have no issues if the Court would prefer to treat this as seven consolidated cases (rather than one case), the path chosen here is one explicitly contemplated by Rule 20. Rule 20 provides that – as to both plaintiffs *and* defendants – "Persons may join" and "be joined in one action" if "any question of law or fact common to all [parties] will arise in



the action" and if the action involves "any right of relief … asserted … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1) and (2).

In general, the Supreme Court has emphasized that "[u]nder the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). *See also, Semente v. Empire HealthChoice Assurance, Inc.*, No. 14-cv-5823 (DRH)(SIL), 2018 U.S. Dist. LEXIS 177086, at *8 (E.D.N.Y. Oct. 12, 2018) (applying *Gibbs* in denying a motion to sever). Rule 20, as a policy matter, serves the goal of "preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). *See also, United States v. Yonkers Bd. of Educ.*, 518 F. Supp. 191, 195 (S.D.N.Y. 1981) (collecting authority). And, "[i]n general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (alteration adopted), *quoting* 16 J. Moore et al., Moore's Federal Practice § 107.14[2][c], p 107-67 (3d ed. 2005).

For the requirements in Rule 20(a)(1)(A) and (2)(A), Plaintiffs assert two rights to relief, across the various Defendants, "with respect to or arising out of the same … occurrence [and] series of transactions or occurrences." Those occurrences are the onset of pandemic, the concomitant increased return of election mail at JFK airport (Complaint ¶¶ 8-10; 55-61), and slowdown of the mail more generally. No factual development specific to any one State is relevant here.[1] The kinds of circumstances that could lead to this kind of case are, of course, rare.

Perhaps most analogous context would be riparian litigation. Such litigation often involves a wide variety of parties with non-overlapping claims, from multiple states (though such cases often begin separately and are consolidated by the Multi-District Litigation Panel – *see* Complaint ¶ 11 n. 3). *See, e.g., In re Acf Basin Water Litig.*, No. 1:18-MI-43-TWT, 2020 U.S. Dist. LEXIS 162684 (N.D. Ga. May 22, 2020) (consolidated litigation with multiple private parties, organizations, and officials from two states); *North Dakota v. U.S. Army Corps of Eng'rs (In re Operation of Mo. River Sys. Litig.)*, 320 F. Supp. 2d 873, 878-79 (D. Minn. 2004) (litigation over State and Federal laws governing rivers, with multiple States intervening, resolved on motion to dismiss mooting the other States' intervening complaints).

While cases exist finding improper joinder with large groups of plaintiffs and defendants that share similar claims, such findings are nearly always premised on the fact that the real world

---

[1] Importantly, the kinds of claims Plaintiffs assert – *Anderson-Burdick* / right to vote claims and equal protection claims under *Bush v. Gore* – do not have any intent requirements (and so there are no fact questions specific to each State). *See, e.g., Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1319 (11th Cir. 2019) ("[t]o establish an undue burden on the right to vote under the Anderson-Burdick test, Plaintiffs need not demonstrate discriminatory intent behind the [state law at issue]"); *Jones v. United States Postal Serv.*, 2020 U.S. Dist. LEXIS 172430, at *55 (S.D.N.Y. Sep. 21, 2020) (noting "the Supreme Court has consistently declined to require a showing of discriminatory purpose in the context of one person, one vote cases," and collecting cases). Thus, there is no individualized showing regarding the acts of State officials necessary for Plaintiffs to prevail on their claims.

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



"transactions" are distinct. So, for example, in *Kalie*, the Southern District found joinder of various Truth in Lending Act claims was improper because "each plaintiff was injured as a result of **a separate mortgage transaction** affecting his or her property … [and] the pattern [of conduct] as alleged is so vague and sweeps so broadly that it does not give defendants close to the requisite notice of what a plaintiff's allegations of wrongdoing are **as to any particular loan**." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 558 (S.D.N.Y. 2013) (emphasis added). *See also*, *Falcone v. Underwriters at Lloyd's London*, No. 13-CV-5950(JS)(AKT), 2013 U.S. Dist. LEXIS 177017, at *5-6 (E.D.N.Y. Dec. 17, 2013) ("despite the fact that a single natural disaster, Superstorm Sandy, caused the damage … with respect to damages, Plaintiffs' individual claims undoubtedly will require different evidence relating to the cause of and the extent of the loss. Plaintiffs' individual claims also may require particularized evidence on the issue of whether the policies actually provide coverage for Plaintiffs' claims because Plaintiffs purchased separate insurance policies and Defendants may have different reasons for denying and/or limiting payment for Plaintiffs' individual claims")

Finally, the Supreme Court's (brief) reasoning in *United States v. Mississippi* is instructive here. 380 U.S. 128, 142 (1965). *Mississippi* concerned an intentional discrimination claim, where six county registrars all took actions that "would inevitably deprive [Black] people of the right to vote solely because of their color." *Id.* The Court reversed a district Court finding such action "amounted to nothing more than individual torts committed by them separately with reference to separate applicants," finding that joinder was proper. *Id.* Similarly here, "the validity of" various State laws at applied "depend[s] to a large extent upon questions of law or fact common to all of them," making joinder "in one suit … proper." *Id* (alteration adopted, quotation marks omitted).

For the requirements in Rule 20(a)(1)(B) and (2)(B) that "any question of law or fact common to" all plaintiffs and defendants "will arise in the action," the legal and factual questions in all disputes here are simple, and are really only a single question: does the series of global occurrences set out above, which has the effect of preventing thousands of voters abroad from casting their ballots at all, make a State's physical mail requirement for absentee ballots unconstitutional as applied?[2] It is the pinnacle of judicial efficiency to resolve that question in one proceeding, uniformly, particularly with the election so close.

## II. Because of the Time Frame Involved, and the Likelihood of Multi-District Consolidation, Severing the Cases Does Not Serve Judicial Efficiency.

Finally, we note that – as a practical matter – litigation of this kind nearly always begins and ends with a preliminary injunction motion (or at the least, an accelerated motion for judgment). So, the fact that – if severed – these cases would ultimately likely be consolidated for such a motion should weigh heavily in evaluating whether fairness "would permit all 'logically related claims' by or against different parties to be tried in a single proceeding." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (applying Rule 13 standards to Rule 20 analysis by analogy). Resolving those issues without severance makes sense where, as here, "[i]t would surely be a waste of judicial resources to now sever the claims of these … plaintiffs into [seven] separate cases, begin separate discovery and

---

[2] If any State had election law that allowed *some* form of electronic voting for voters abroad, joinder of claims about that State's law might not be appropriate – but that is not the case here.



trial preparation and discovery, only to have [all seven] cases then transferred to an MDL judge." *Id.* at 828.[3]

Instead, even if the Court believes that severance is appropriate, "fairness to the parties may be maximized by permitting plaintiffs to litigate" the pure Constitutional questions "in this court, and then," if any such questions exist, "transferring the questions which turn on the particular facts [relating to conduct in any individual State to a] federal district" in that State. *Hall v. E. I. Du Pont de Nemours & Co.*, 345 F. Supp. 353, 381 (E.D.N.Y. 1972). Because the two Constitutional questions here are binary, and resolve any substantive dispute completely, no efficiency or fairness is served by separating the cases. On the other side, given the proximity of the election, it may be far too close to Election Day by the time the case has worked its way through the MDL Panel's decision process, and such severance would prejudice Plaintiffs' right to litigate the merits of these disputes.

As noted in Plaintiffs' letter asking for clarification of the Court's Order, however, ultimately Plaintiffs have no practical objection to severing the cases but consolidating them for at least a determination on the forthcoming preliminary injunction motion. *See* ECF No. 9. If that is the path the Court prefers to chart, Plaintiffs remain willing to submit a draft order or take any other step to ensure that this case is resolved in a manner that makes sense to the parties and the Court alike.

For the reasons set out above, Plaintiffs believe joinder of the parties here is proper, and no cause exists to break the case into separate actions. In the alternative, Plaintiffs believe they have shown cause for the Court to at least delay such an action until after the resolution of their preliminary injunction motion.

Respectfully submitted,

/s/
_____
J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
remy@femmelaw.com

---

[3] On the MDL question, this case fits the criteria set out in 42 U.S.C. § 1407, as interpreted by the MDL Panel. Consolidation would "prevent inconsistent pretrial rulings" – given that this case will rise and fall with the decision on Plaintiffs' forthcoming motion – "and conserve the resources of the parties, their counsel, and the judiciary." *In re Generic Digoxin & Doxycycline Antitrust Litigation*, 222 F. Supp. 3d 1341, 1344 (J.P.M.L. 2017); *see also In re Vioxx Product Liability Litigation*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

COHEN&GREEN
Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com