UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matthew Harley, et al.<br><br>                              Plaintiffs,<br><br>-against-<br><br>Peter S. Kosinski, et al,<br><br>                            Defendants. | No. 20 Civ. 5878 (CM) |

**THE PENNSYLVANIA DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO THE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

ALEXANDER T. KORN
Deputy Attorney General
Pennsylvania Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Tel: 717-712-2037
akorn@attorneygeneral.gov
*Attorney for Kathy Boockvar, Jonathan Marks
and Jessica Mathis*

**TABLE OF CONTENTS**

TABLE OF

AUTHORITIES………………………………………………………….................iiii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT ..................................................................................................................... 5

I.     THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE

PENNSYLVANIA DEFENDANTS ..................................................................................... 5

II.    THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE

CLAIMS ASSERTED AGAINST THE PENNSYLVANIA DEFENDANTS .......................... 5

   A.   The Claims Asserted Against The Pennsylvania Defendants Are Moot ......................... 6

   B.   No Plaintiff Has Standing To Assert Claims Against The Pennsylvania Defendants ..... 7

III.   PLAINTIFF MCGRATH CANNOT SATISFY THE ELEMENTS FOR A

PRELIMINARY INJUNCTION........................................................................................... 10

   A.   Plaintiff McGrath Does Not Show Irreparable Harm ...................................................... 11

   B.   Plaintiff McGrath Does Not Show A Clear Or Substantial Likelihood Of Success On

The Merits.......................................................................................................................... 11

   C.   The Public Interest And The Equities Weigh Overwhelmingly In Favor Of Denying The

Injunction........................................................................................................................... 14

IV.    THE COURT SHOULD DENY PLAINTIFFS' REQUESTED RELIEF UNDER THE

*PURCELL* PRINCIPLE ......................................................................................................... 14

CONCLUSION .......................................................................................................... 15

CERTIFICATE OF SERVICE ................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ............................................................................ 6

*Baker v. McCollan,* 443 U.S. 137 (1979) ...................................................................................... 13

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ................................................................... 3, 8

*Doyle v. Midland Credit Mgmt. Inc.*, 722 F.3d 78 (2d Cir. 2013) ................................................. 6

*Flast v. Cohen*, 392 U.S. 83(1968) ................................................................................................ 6

*Fox v. Bd. of Trs. of State University of N.Y.*, 42 F.3d 135 (2d Cir.1994) ..................................... 6

*Frederick v. Lawson*, --- F.Supp.3d ---- 2020 WL 4882696 (S.D. Ind. Aug. 20, 2020) ............... 12

*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC),* 528 U.S. 167 (2000) ................................... 7

*Gallagher v. New York State Bd. Of Elections*, --- F.Supp.3d ---- 2020 WL 4496849 (Aug. 3, 2020) ................................................................................................................................... 9, 12

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013) ........................................................... 6

*J.T. v. Bill de Blasio*, 1:20-cv-5878 (S.D.N.Y. Sept. 2, 2020) ...................................................... 2

*Jones v. U.S. Postal Serv.*, --- F.Supp.3d ---- 2020 WL 5627002 (S.D.N.Y. Sept. 21, 2020) ........ 9

*Khatib v. Alliance Bankshares Corp.*, 846 F.Supp.2d 18 (D. D.C. 2012) ...................................... 5

*Libertarian Party of Connecticut v. Lamont*, --- F.3d---- 2020 WL 5849341 (2d Cir. Oct. 2, 2020) ........................................................................................................................................ 11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................. 7, 9

*Mays v. LaRose*, 951 F.3d 775 (6th Cir. 2020) ........................................................................... 11

*McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802 (1969) ............................... 2, 11

*Murphy v. Hunt*, 455 U.S. 478 (1982) ........................................................................................ 2, 6

*N. Am. Soccer League, LLC v. United States Soccer Fed'n*, 883 F.3d 32 (2d Cir. 2018) .............. 3

*Pablo Start Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597 (S.D.N.Y. 2016) ........................................ 5

*Price v. New York State Bd. Of Electors*, 540 F.3d 101 (2d Cir. 2008) ................................. 11, 12

*Purcell v. Gonzalez,* 549 U.S. 1 (2006) ................................................................ 14

*Republican Nat'l Comm. V. Democratic Nat'l Comm.,* __U.S.__, 140 S. Ct. 1205 (2020)......... 15

*Republican Party of Pennsylvania v. Cortes,* 218 F.Supp.3d 396 (E.D. Pa. 2016)...................... 15

*Sussman v. Crawford*, 488 F.3d 136 (2d Cir. 2007) ....................................................... 5

*Yang v. Kosinski*, 960 F.3d 119 (2d Cir. 2020).......................................................... 10

**Statutes**

25 P.S. § 3150.16(a).................................................................................. 4, 10, 13

25 P.S. §3146.6(a)..................................................................................... 4, 10, 13

25 Pa.C.S. § 3509...................................................................................... 4, 10, 13

**Constitutional Provisions**

Pa. CONST. art. VII, § 14............................................................................... 12

**Other Authorities**

"PA Department of State History," https://www.dos.pa.gov/about-us/Pages/History.aspx (last

visited 9/30/20)................................................................................ 14

https://www.votespa.com/Voting-in-PA/Pages/Mail-and-Absentee-Ballot. aspx........................ 4

Defendants, Kathy Boockvar in her official capacity as Secretary of the Commonwealth of Pennsylvania, Jonathan Marks in his official capacity as Deputy Secretary for Elections and Commissions, and Jessica Mathis in her official capacity as Director of the Bureau of Election Services and Notaries (collectively, the "PA Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to the Plaintiffs' Motion for a Preliminary Injunction.[1]

**PRELIMINARY STATEMENT**

Plaintiffs are ten United States citizens living abroad who are registered to vote in seven different states. Only one Plaintiff – Emily McGrath – is eligible to vote in Pennsylvania and only Plaintiff McGrath purports to assert claims against the PA Defendants. *See* Compl. ¶ 15. Plaintiff McGrath admits that she has already completed and returned an absentee ballot via mail on September 10, 2020. *See* McGrath Decl. ¶ 4. And beyond this, Plaintiff McGrath's Ballot was received by the Board of Elections for Columbia County, Pennsylvania on September 28, 2020. *See* Marks. Decl. ¶¶ 9-10. Nonetheless, in her motion for a preliminary injunction – which was filed less than 30 days before the 2020 election – Plaintiff McGrath seeks to compel the PA Defendants to permit other Pennsylvania voters living overseas to submit their absentee ballots by electronic means. *See* Doc. 13. The relief requested is based on Plaintiff McGrath's assertion that Pennsylvania's absentee ballot regime permitting voters to submit ballots by mail but not by electronic means violates various provisions of the United States Constitution. Plaintiff McGrath's assertion is without basis in law or fact.

There is no federal "constitutional right to receive absentee ballots" and Pennsylvania's "absentee statutes, which are designed to make voting more available to some groups who

---

[1] The Plaintiffs' Memorandum Law in Support of their Motion for Preliminary Injunction is abbreviated herein as "P. Mem." *See* Dkt. 13-1.

1

cannot easily get to the polls, do not themselves deny [Plaintiff McGrath] the exercise of the franchise[.]" *McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802, 808 (1969). Absentee voting rules for citizens living abroad are governed by federal statute, not by the Constitution. And as Plaintiffs themselves concede, federal law "leaves the decision of how overseas voters return their voted ballots up to the individual states to determine." P. Mem. at 6 (emphasis added). Plaintiff McGrath may not compel the PA Defendants to provide an absentee ballot service that is not required by the Constitution or by any federal or Pennsylvania law. Plaintiff McGrath's motion for a preliminary injunction should be denied for the following reasons.

***First***, the Court does not have personal jurisdiction over the PA Defendants. The sole basis for jurisdiction is Plaintiffs' allegation that "all Defendants have sent and received likely thousands upon thousands of ballots through the International Service Center at JFK Airport (in this District)." P. Mem. at 9. In the words of the Chief Judge of the Southern District, these purported allegations of jurisdiction "do not pass what one of my former partners called 'the laugh test.' They are facially deficient." Order to Show Cause, 2, *J.T. v. Bill de Blasio*, 1:20-cv-5878 (S.D.N.Y. Sept. 2, 2020) (attached hereto as Exhibit A).

***Second***, the Court does not have subject matter jurisdiction over the claims asserted against the PA Defendants because the claims are moot. The only Pennsylvania plaintiff is Plaintiff McGrath and records on file with the Pennsylvania Secretary of State reflect that Plaintiff McGrath's absentee ballot was received on September 28, 2020. *See* Marks Decl. ¶ 10. Accordingly, "the issues presented" by Plaintiff McGrath "are no longer live" and she "lack[s] a legally cognizable interest in the outcome" of this case. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

*Third***,** the Court also lacks subject matter jurisdiction because Plaintiff McGrath does not have standing to assert her claims against the PA Defendants.  Plaintiff McGrath received her absentee ballot on September 3, 2020 – more than 60 days before the 2020 election.  *See* McGrath Decl. ¶ 4.  Thus, even if Plaintiff McGrath's claims did present a live case or controversy, there is no evidence in the record – let alone any "concrete facts" – showing that Pennsylvania's absentee ballot regime requiring the submission of ballots by mail "has caused the substantial risk" that Plaintiff McGrath's ballot will not be counted.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013).  Indeed, Plaintiff McGrath has suffered no injury at all since her ballot has already been received in Pennsylvania.  Nor is there evidence that any purported injury is traceable to or redressable by the PA Defendants.

*Fourth***,** the motion for a preliminary injunction should be denied because Plaintiff McGrath cannot show "a clear or substantial likelihood of success on the merits" of her claims against the PA Defendants.  *N. Am. Soccer League, LLC v. United States Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018).

For these reasons, as described more fully below, Plaintiff McGrath's motion for a preliminary injunction should be denied.

## STATEMENT OF FACTS

### A.      Plaintiff McGrath

Emily McGrath is a "U.S. citizen currently living under a work visa in New Zealand, where [she] has resided for seven years."  McGrath Decl. ¶ 2.  Plaintiff McGrath's U.S. address is in Columbia County, Pennsylvania.  *See id*. at ¶¶ 3-4.  Plaintiff McGrath received an absentee ballot for the 2020 election on September 3, 2020 and she completed and returned the ballot via mail on September 10, 2020.  *See id*. at ¶ 4.  Plaintiff McGrath alleges that she is "concerned that

3

[her] ballot will not arrive in time to be counted this year." *Id*. at ¶ 8. Plaintiff McGrath's concern is unwarranted because her ballot was received by the Board of Elections for Columbia County on September 28, 2020. *See* Marks Decl. ¶ 10.

### B.      Pennsylvania Law

Pennsylvania permits a number of qualified voters to vote by absentee ballot, including people like Plaintiff McGrath "whose work or vacation take them away from the municipality where they live." https://www.votespa.com/Voting-in-PA/Pages/Mail-and-Absentee-Ballot. aspx. Pennsylvania also permits any qualified voter to vote by mail-in ballot instead of in-person. *See id*. Pennsylvania law provides that voters can return absentee ballots by mail, or in-person by hand delivery, or by a third-party in limited situations, to the voter's respective County Board of Election or other designated locations identified by the county. *See* 25 P.S. §§ 3146.6(a) and 3150.16(a), 25 Pa.C.S. § 3509. However, Pennsylvania's Election Code does not allow (and has never allowed) any voter to cast a ballot electronically. *See* 25 P.S. §§ 3146.6(a) and 3150.16(a), 25 Pa.C.S. § 3509; *see* Marks Decl. ¶ 15. Nor has the Pennsylvania General Assembly passed a law authorizing electronic submission of any ballots. *See* Marks Decl. ¶ 16.

The federal government, including the FBI, has counseled against electronic submission of ballots. *See id*. at ¶ 13. The federal government relays that, while electronic transmission of a blank ballot to the voter carries some risk, the security risk related to electronic return of a completed ballot is far more severe and cannot be mitigated even with controls. *See id*. at ¶ 14. Ultimately, the risks associated with electronic ballot return, including email and fax, are high. *See* Macias Decl. ¶ 14. Specifically, implementing electronic ballot return of voted ballots, including email and fax, introduces significant cybersecurity risk into the election infrastructure,

and creates unnecessary operational risk to the election process—even more so since we are only 25 days before Election Day.  *See id.*

**ARGUMENT**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion."  *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (alteration in original) (emphasis in original) (internal quotation marks omitted).  For the reasons summarized above, and described more fully below, Plaintiff McGrath fails to satisfy this standard and her motion for a preliminary injunction should be denied.

**I.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE PENNSYLVANIA DEFENDANTS**

The PA Defendants join in and incorporate by reference the arguments set forth in the opposition brief of the Wisconsin Elections Commissioners concerning the lack of personal jurisdiction.  These arguments apply with equal weight to the PA Defendants and the Court should deny the preliminary injunction with respect to the PA Defendants for the same reasons. *See, e.g.*, *Pablo Start Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) ("The 'cardinal principle that the district court is 'powerless to proceed' in the absence of personal jurisdiction applies with no less force when the court is presented with a motion for a preliminary injunction.'") (quoting *Khatib v. Alliance Bankshares Corp.*, 846 F.Supp.2d 18, 24 (D. D.C. 2012)).

**II.   THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE CLAIMS ASSERTED AGAINST THE PENNSYLVANIA DEFENDANTS**

The motion for a preliminary injunction should also be denied because the Court lacks subject matter jurisdiction.  "Article III, § 2, of the Constitution limits the jurisdiction of federal

5

courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies[.]" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation omitted).  There is no case or controversy when an issue "has been mooted by subsequent developments, and when there is no standing to maintain the action." *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  Here, the Court does not have subject matter jurisdiction because (i) the claims asserted against the PA Defendants are moot and (ii) no Plaintiff has standing to assert the claims against the PA Defendants.

**A.      The Claims Asserted Against The Pennsylvania Defendants Are Moot**

The court lacks subject matter jurisdiction because the claims asserted against the PA Defendants are moot.  "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy*, 455 U.S. at 481).  "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt. Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State University of N.Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (alterations in original).

As described above, Plaintiff McGrath is the only Plaintiff who purports to assert claims against the PA Defendants.  Plaintiff McGrath's claims are based on allegations that her absentee ballot may "not arrive" in Pennsylvania "in time to be counted this year."  McGrath Decl. ¶ 8.  But Plaintiff McGrath's ballot arrived in Columbia County on September 28, 2020 – more than one month before the 2020 election.  *See* Marks Decl. ¶ 10.  Therefore, the issue presented by Plaintiff McGrath – i.e., that her absentee ballot may not arrive in time to be counted – is no longer live because her ballot has already arrived in time to be counted.   Accordingly, Plaintiff

6

McGrath's claims are moot.

To the extent Plaintiffs assert that the mootness exception for claims capable of repetition but evading review applies, the PA Defendants join in and incorporate by reference the arguments set forth in the opposition brief of the Wisconsin Elections Commissioners showing that the exception is inapplicable in this case.

**B.      No Plaintiff Has Standing To Assert Claims Against The Pennsylvania Defendants**

The court is also without subject matter jurisdiction because no Plaintiff has standing to assert claims against the PA Defendants.  To satisfy the Article III standing requirement, a plaintiff must show that:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 181–82 (2000).  "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations and quotation marks omitted).  Plaintiff McGrath does not satisfy any of these elements.

1.      <u>There is no evidence of an injury-in-fact</u>.

Plaintiff McGrath lacks standing because there is no evidence that she has suffered an injury-in-fact.  Plaintiff McGrath's claims are based on allegations that she is "concerned that [her] ballot will not arrive in time to be counted this year."  McGrath Decl. ¶ 8.  But as described above, the Board of Elections for Columbia County has already received Plaintiff McGrath's

ballot.  Therefore, Plaintiff McGrath has not suffered any injury at all.  This ends the issue.

Moreover, even if her ballot had not been received, Plaintiff McGrath does not complain of a known or actual injury – i.e., that her ballot will not be or was not counted.  Rather, Plaintiff McGrath complains of the possibility of future harm – i.e., that her ballot may not be counted. To satisfy the Article III standing requirement for an injury that has not yet occurred Plaintiffs "bear the burden of pleading and proving concrete facts showing that the defendant's actual action has caused the substantial risk of harm." *Clapper*, 568 U.S. at 414 n.5 (internal citation omitted).  Plaintiffs have not satisfied that burden.

Plaintiffs have offered no evidence of any delays in mail service from New Zealand to the United States.  While Plaintiffs make generalized allegations that certain absentee ballots have been returned to overseas voters through unidentified "machine or human error" at the USPS International Service Center ("ISC"), these unsupported allegations are facially insufficient.  P. Mem. at 4.  Plaintiffs do not provide any evidence or even attempt to quantify the scope, frequency or rate of any such errors at the ISC, nor do they substantiate or corroborate any of the allegations with admissible evidence.  There is simply no evidence in the record at all – let alone any "concrete facts" – that support Plaintiff McGrath's allegation that her ballot may not arrive in Columbia County in time to be counted.  To the contrary, the concrete facts show that her ballot has already arrived in ample time to be counted.

In sum, Plaintiff McGrath lacks standing because Plaintiffs have failed to provide evidence of an injury-in-fact.[2]

---

[2]     Clearly no other named Plaintiff has standing to assert a claim against the PA Defendants since no other Plaintiff is registered to vote in Pennsylvania. *See supra* Sec. II.B.2 and 3.

2.        There is no evidence of an injury that is fairly traceable to the action of the PA Defendants.

Plaintiff McGrath also lacks standing because Plaintiffs have failed to provide evidence of an injury that is fairly traceable to the action of the PA Defendants.  Traceability requires showing "a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  *Lujan*, 504 U.S. at 560 (internal quotation marks, alterations, and citation omitted).  There is no such connection here because Plaintiffs do not complain of any action by the PA Defendants at all.  Indeed, the Pennsylvania laws challenged by Petitioners are the same as they have always been; absentee ballots may be sent by mail but not by electronic means.  The PA Defendants did not write the laws nor do they have the authority to break the laws or otherwise disregard them.  Plaintiff McGrath is charging the PA Defendants with faithfully executing the Pennsylvania Election Code as enacted.

If there is a risk that Plaintiff McGrath's ballot may not arrive in time to be counted that risk was caused by policies or other changes at the United States Postal Service and the ISC; it has nothing to do at all with the PA Defendants.  Plaintiff McGrath should assert her claims against these entities and not the PA Defendants.  *See Jones v. U.S. Postal Serv.*, --- F.Supp.3d ---- 2020 WL 5627002, at *13 (S.D.N.Y. Sept. 21, 2020) (holding that mail ballot voters had satisfied traceability against the USPS when they challenged new policies adopted by USPS that "have slowed mail service").  Nor can the PA Defendants be held responsible for failing to act because they have no authority to override or ignore the Pennsylvania laws that prohibit the submission of absentee ballots by electronic means.  *Cf Gallagher v. New York State Bd. Of Elections*, --- F.Supp.3d ---- 2020 WL 4496849, at *10 (Aug. 3, 2020) (holding that an alleged constitutional violations was "fairly traceable to the State Defendants' failure to exercise th[eir]

9

authority" to refrain from enforcing a postmark requirement on absentee ballots only when the authority to refrain was provided by statute).

Plaintiff McGrath's purported injury is not traceable to the PA Defendants.

           3.      <u>There is no evidence that an injury could be redressed by the PA Defendants</u>.

Plaintiff McGrath's alleged injury is not redressable by the PA Defendants. As described above, Pennsylvania law does not permit voters to submit absentee ballots by electronic means. *See* 25 P.S. §§ 3146.6(a) and 3150.16(a), 25 Pa.C.S. § 3509. If the Court were to order the PA Defendants to ensure that all Pennsylvania counties accept absentee ballots by electronic means then it would be ordering the PA Defendants to violate the law. That is not what redressability requires.

## III. PLAINTIFF MCGRATH CANNOT SATISFY THE ELEMENTS FOR A PRELIMINARY INJUNCTION

Plaintiff McGrath's motion for a preliminary injunction should be denied because the Court does not have personal jurisdiction over the PA Defendants or subject matter jurisdiction over the claims asserted against them. However even if the Court were to consider Plaintiff McGrath's motion on the merits, the motion should also be denied because Plaintiff McGrath does not satisfy the elements for a preliminary injunction. "[T]o obtain a preliminary injunction against governmental action taken pursuant to a statute, the movant has to demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction. The movant also must show that the balance of equities tips in his or her favor." *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020) (internal quotation and alterations omitted). Plaintiff McGrath does not satisfy any of these elements.

### A.      Plaintiff McGrath Does Not Show Irreparable Harm

There is no irreparable harm because there is no injury.  Plaintiff McGrath has completed and mailed in her absentee ballot and it was received by Columbia County in ample time to be counted in the 2020 election.  Plaintiff McGrath's motion for a preliminary injunction should be denied for this reason alone.

### B.      Plaintiff McGrath Does Not Show A Clear Or Substantial Likelihood Of Success On The Merits

The motion should also be denied because Plaintiff McGrath does not show a clear or substantial likelihood of success on the merits.  Where, as here, a "plaintiff seeks a mandatory injunction, the standard is particularly exacting: a district court may enter a mandatory preliminary injunction against the government only if it determines that, in addition to demonstrating irreparable harm, the moving party has shown a 'clear' or 'substantial' likelihood of success on the merits." *Libertarian Party of Connecticut v. Lamont*, --- F.3d---- 2020 WL 5849341, at *2 (2d Cir. Oct. 2, 2020) (internal quotation omitted).  Plaintiff McGrath does not satisfy this standard.

#### 1.      Plaintiff McGrath does not show the violation of any constitutional right.

There is no federal "constitutional right to receive absentee ballots" and Pennsylvania's "absentee statutes, which are designed to make voting more available to some groups who cannot easily get to the polls, do not themselves deny [Plaintiff McGrath] the exercise of the franchise[.]" *McDonald*, 394 at 808; *see also Mays v. LaRose*, 951 F.3d 775, 792 (6th Cir. 2020) ("First, there is no constitutional right to an absentee ballot."); *Price v. New York State Bd. Of Electors*, 540 F.3d 101, 112 (2d Cir. 2008) ("We do not hold that there is a general constitutional

11

right to obtain absentee ballots.").[3]  Absentee voting rules for citizens living abroad are governed by federal statute, not by the Constitution.  And as Plaintiffs themselves concede, federal law "leaves the decision of how overseas voters return their voted ballots up to the individual states to determine."  P. Mem. at 6 (emphasis added).  The only requirement is that any restriction or regulation on the right to vote by absentee ballot – once established by a state – must "compor[t] with the Constitution."  *Frederick v. Lawson*, --- F.Supp.3d ---- 2020 WL 4882696, at *8 (S.D. Ind. Aug. 20, 2020).

But Plaintiff McGrath is not challenging a restriction or regulation on absentee voting. For example, Plaintiff McGrath is not challenging a law deeming ballots invalid "because they lacked a United States Postal Service (the "USPS") postmark, or a timely postmark" (*Gallagher*, 2020 WL 4496849 at *1), nor is she challenging a law permitting voters "to vote by absentee ballot in every kind of election save one: elections for political party county committees."  *Price*, 540 F.3d at 103-4.  To the contrary, Plaintiff McGrath is challenging the very essence of the

---

[3]     By contrast, Article VII, § 14 of the Pennsylvania Constitution provides:

> (a)  The Legislature shall, by general law, provide a manner in which, and the time and place at which, qualified electors who may, on the occurrence of any election, be absent from the municipality of their residence, because their duties, occupation or business require them to be elsewhere or who, on the occurrence of any election, are unable to attend at their proper polling places because of illness or physical disability or who will not attend a polling place because of the observance of a religious holiday or who cannot vote because of election day duties, in the case of a county employee, may vote, and for the return and canvass of their votes in the election district in which they respectively reside.
>
> (b)  For purposes of this section, "municipality" means a city, borough, incorporated town, township or any similar general purpose unit of government which may be created by the General Assembly.

Pa. CONST. art. VII, § 14.

12

Pennsylvania absentee voting regime itself. Since its inception the absentee voting system in Pennsylvania has always permitted absentee voters to submit their ballots by mail. Pennsylvania has never allowed any registered voters – whether residing in Pennsylvania or elsewhere – to submit an absentee ballot electronically. *See* 25 P.S. §§ 3146.6(a) and 3150.16(a), 25 Pa.C.S. § 3509; Marks Decl. ¶ 15. The absentee voting regime is and always has been a mail based system.

By seeking to require Pennsylvania to permit absentee voters to submit their ballots electronically – something the state has never done before – Plaintiff McGrath is asking this Court to rewrite Pennsylvania's election laws and create a new right in Pennsylvania that has not previously existed. Plaintiff McGrath's claim is not cognizable under 42 U.S.C. § 1983 because neither the constitution nor any federal laws require Pennsylvania to establish an electronic absentee voting submission system. *See Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes.").

Accordingly, the motion for a preliminary injunction should be denied because Plaintiff McGrath does not show a clear or substantial likelihood of success on the merits.

2.     Plaintiff McGrath is not likely to succeed on an *Anderson/Burdick* claim.

To the extent Plaintiff McGrath's claims implicate the *Anderson/Burdick* framework, the PA Defendants join in and incorporate by reference the arguments set forth in the opposition brief of the Wisconsin Elections Commissioners. Pennsylvania's interests in utilizing a mail-in absentee balloting system are to preserve the integrity of its elections and to avoid the substantial security risks associated with the electronic submission of absentee ballots. *See* Marks Decl. ¶

13

14 ("the security risk related to electronic submission of a completed ballot is far more severe and cannot be mitigated even with controls"); Macias Decl. ¶ 14 ("It is my opinion to a professional degree of certainty that risks associated with electronic ballot return, including email and fax, are high. Specifically, implementing electronic ballot return of voted ballots, including email and fax, introduces significant cybersecurity risk into the election infrastructure, and creates unnecessary operational risk to the election process only 25 days before Election Day.").

> ### C.    The Public Interest And The Equities Weigh Overwhelmingly In Favor Of Denying The Injunction

The PA Defendants join in and incorporate by reference the arguments set forth in the opposition brief of the Wisconsin Elections Commissioners concerning the public interest and the equities of the preliminary injunction.

## IV.    THE COURT SHOULD DENY PLAINTIFFS' REQUESTED RELIEF UNDER THE *PURCELL* PRINCIPLE

The Pennsylvania Department of State has roots that date back to the 1680s and, for at least a century, has been the principal body tasked with organizing and conducting elections in the Commonwealth. [4]  A century's worth of experience with holding elections, including during natural disasters, unrest, and war, has given this department the expertise to identify and best address issues that threaten to disenfranchise Pennsylvania voters.

The *Purcell* principle provides that near an impending election federal court orders risk disenfranchisement because "[c]ourt orders affecting elections, specifically conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Purcell v. Gonzalez,* 549 U.S. 1, 4-5 (2006)

---

[4]    "PA Department of State History," https://www.dos.pa.gov/about-us/Pages/History.aspx.

14

(per curiam). This principle admonishes "lower *federal* courts" to not interfere with a State's election rules on the eve of an election. *Republican Nat'l Comm. v. Democratic Nat'l Comm.,* __U.S.__, 140 S. Ct. 1205, 1207 (2020) (emphasis added.).

This principle arises from the recognition that "[t]here is good reason to avoid last-minute intervention in a state's election process. Any intervention at this point risks practical concerns including disruption, confusion or other unforeseen deleterious effects." *Republican Party of Pennsylvania v. Cortes,* 218 F.Supp.3d 396, 404-05 (E.D. Pa. 2016) (alteration in original) (citation and quotation omitted). More fundamentally, "[c]omity between the state and federal governments also counsels against last-minute meddling. Federal intervention * * * risks a disruption in the state electoral process [which] is not to be taken lightly. This important equitable consideration goes to the heart of our notions of federalism." *Id.*

Plaintiffs' request for this Court's intervention—in another state's election laws—is precisely the eleventh-hour federal meddling that the *Purcell* principle counsels against. This Court should decline Plaintiffs' invitation and deny the motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction should be denied.

15

Respectfully submitted,

By:     *s/ Alexander T. Korn*

ALEXANDER T. KORN
Deputy Attorney General
Pennsylvania Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Tel: 717-712-2037
akorn@attorneygeneral.gov
*Attorney Kathy Boockvar, Jonathan Marks and*
*Jessica Mathis*

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MATHEW HARLEY, et al.** | **:** | |
| | **:** | |
| **Plaintiffs** | **:** | |
| | **:** | **No.  1:20-CV-4664** |
| **v.** | **:** | |
| | **:** | **Judge Cogan** |
| **PETER KOSINSKI, et al.** | **:** | |
| | **:** | **Electronically Filed Document** |
| **Defendants** | **:** | |
| | **:** | *Complaint Filed 09/30/20* |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania,

Office of Attorney General, hereby certify that on October 9, 2020, I caused to be served a true

and correct copy of the foregoing document titled Brief in Opposition to Plaintiffs' Motion for

Preliminary Injunction to the following, and all other counsel of record via electronic filing:

**Jonathan Wallace, Esquire**                          **Remy Green, Esquire**
**4011 23rd Avenue #3F**                               **Cohen & Green**
**Astoria, NY  11105**                                 **1639 Centre Street, Suite 216**
**jw@bway.net**                                        **Ridgewood, NY  11207**
*Counsel for Plaintiffs*                               **j.remy.green@gmail.com**
                                                       *Counsel for Plaintiffs*


**Douglas A. Kellner, Esquire**
**Kellner Herlihy Getty & Friedman**
**470 Park Avenue South, 7th Floor**
**New York, NY  10016**
**dak@khgflaw.com**
*Counsel/Pro Se Defendant*




   *s/ Alexander T. Korn*      
**ALEXANDER T. KORN**
Deputy Attorney General


17